## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WINFIELD SOLUTIONS, LLC,

        Appellant,

    v.                                    Case No. 21-C-134

W. KENT GANSKE and
JULIE GANSKE,

        Appellees.

## DECISION AND ORDER

In this bankruptcy appeal, Winfield Solutions LLC seeks review of a decision of the United States Bankruptcy Court for the Eastern District of Wisconsin, which overruled Winfield's objections to the Ganskes' homestead exemption, granted the Ganskes' motion to avoid fixing of lien, denied Winfield's motion for abandonment, and denied Winfield's motion for relief from the stay. For the following reasons, the decision of the bankruptcy court will be affirmed.

## BACKGROUND

Winfield sold agricultural products to the Ganskes' company, WS Ag Center, Inc. (WSAG), on credit. The Ganskes provided personal guaranties to secure WSAG's obligations. After WSAG and the Ganskes defaulted on their obligations to Winfield in February 2016, Winfield commenced an action against them in the United States District Court for the Western District of Wisconsin in December 2017. On April 29, 2019, the court granted Winfield's motion for summary judgment and, on May 17, 2019, entered a money judgment in favor of Winfield and against WSAG and the Ganskes, jointly and severally, in the amount of $1,524,461.15. *See Winfield Solutions, LLC v. W S Ag Center, Inc.*, No. 17-cv-942-slc, 2019 WL 1900342 (W.D. Wis.

Apr. 29, 2019); Dkt. No. 4-2 at 323. On June 4, 2019, Winfield docketed the judgment in Door County, Wisconsin, and the judgment became a valid lien against the home the Ganskes owned located at 2504 County Highway F, Baileys Harbor, Door County, Wisconsin. At the time the judgment was docketed, the Ganskes also owned a home located at 3114 Saddle Brooke Trail, Sun Prairie, Dane County, Wisconsin.

On April 15, 2017, the Ganskes executed a $75,000 mortgage against the Baileys Harbor property to Brian Swanson, and on May 13, 2019, the Ganskes provided a $50,000 mortgage against the Baileys Harbor property to Patrick Place. The mortgages were recorded in Door County on May 16, 2019. On February 4, 2020, Winfield filed an action against the Ganskes, Swanson, and Place in the United States District Court for the Western District of Wisconsin, seeking to set aside the Swanson and Place mortgages as fraudulent transfers.

On February 11, 2020, the Ganskes filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Ganskes identified the Baileys Harbor property as their homestead and claimed the property as exempt pursuant to Wis. Stat. § 815.20. According to the Ganskes, they purchased a vacant lot in late 2003 or early 2004 and built a single-family residence on the property "as a second home with the intent to eventually make it" their main residence. Dkt. No. 4-5 at 676. They owned and occupied the residence continuously, have full habitation rights, and have never rented the residence out to another individual or entity. *Id.* The Ganskes have kept the property furnished with household goods, personal clothing, recreational vehicles and watercraft, and food products. *Id.* "In the summer of 2019," the Ganskes moved their personal property from the Sun Prairie property to the Baileys Harbor property. *Id.* at 677.

Prior to the summer of 2019, the Ganskes divided their time between the Baileys Harbor property and the Sun Prairie property. They "spent significant time" at both properties but

maintained continuous occupancy of the Baileys Harbor property, "albeit on a part-time basis." *Id.* The Ganskes had "continuously spent many weekends, holidays, family events such as birthdays, and vacations at the [property] and have also resided at the [property] when doing business in the area or when visiting friends and business associates." *Id.* at 676. Mr. Ganske spent time at the Baileys Harbor property while doing business in the area, and Ms. Ganske spent time at the property while working in special events coordination and public relations and advertising for a Baileys Harbor winery. *Id.* at 677.

The Sun Prairie property was the Ganskes' former homestead from August 2013 to the summer of 2019. At the first meeting of creditors, the Ganskes stated that they started to occupy their home in Baileys Harbor as a homestead in late June or early July 2019. During that time, the Ganskes gave notice to their insurers that they were now garaging their vehicles at the Baileys Harbor property address and provided similar notice to Social Security and their employers. *Id.* In August 2019, the Ganskes listed the Sun Prairie property for sale and sold it in March 2020. *Id.*

The Ganskes assert that they "have been and intend to continue to be permanently domiciled at the Baileys Harbor Property and have continuously considered the Baileys Harbor Property to be our home." *Id.* But when questioned at depositions in the Western District of Wisconsin action in December 2018, October 2019, and December 2019, the Ganskes reported their address as the Sun Prairie property. In addition, a number of documents list the Sun Prairie address as the Ganskes' address, including their 2015, 2016, and 2017 federal income tax returns; Ganskes' statement of financial affairs; pay stubs; checks; bills; property tax records; and correspondence.

**ANALYSIS**

Federal district courts have jurisdiction to hear appeals of bankruptcy court orders under 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's determinations of law de novo and its findings of fact for clear error. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Winfield argues that the bankruptcy court erred in (1) overruling Winfield's objection to the Ganskes' homestead exemption claim, (2) granting the Ganskes' motion to avoid fixing of lien, (3) denying Winfield's motion for abandonment, and (4) denying Winfield's motion for relief from the automatic stay. Dkt. No. 2 at 11.

**A. Winfield's Objection to the Ganskes' Homestead Exemption and the Ganskes' Motion to Avoid Winfield's Judicial Lien**

Winfield asserts that the bankruptcy court erred in overruling its objection to the Ganskes' homestead exemption and concluding that the Baileys Harbor property was the Ganskes' homestead on June 4, 2019, when Winfield's judgment was docketed in Door County. Under Wisconsin law, a homestead "selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000." Wis. Stat. § 815.20(1). Wisconsin's homestead statute has its roots in the Wisconsin Constitution, which states, "[t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Wis. Const. art. I, § 17. Wisconsin courts liberally construe the homestead exemption statute to protect the homeowner. *Moore v. Krueger*, 179 Wis. 2d 449, 454, 507 N.W.2d 155 (Ct. App. 1993)

4

(citation omitted); *see also Anderson v. Anderson Tooling, Inc.*, 2021 WI App 39, ¶ 23, 961 N.W.2d 911 ("We liberally construe the homestead statutes in favor of judgment debtors who assert homestead exemptions over judgment creditors, including those who docket judgment liens.").

A person may only have one homestead at a time, and "a debtor's assertion of a homestead exemption generally establishes a presumption that the property is homestead property." *Moore*, 179 Wis. 2d at 458–59 (citation omitted). The presumption is rebutted, however, when "the owner claiming the homestead exemption does not occupy the premises." *Id.* at 459; *see also In re Arnhoelter*, 431 B.R. 453, 455 (Bankr. E.D. Wis. 2010) ("[T]he homestead exemption requires ownership and occupancy. If either of these critical elements is lacking at the time judgment is docketed, the debtor is not entitled to claim the exemption, and cannot later 'cure' the deficiency by moving to the property or obtaining a deed.").

Winfield asserts that the bankruptcy court committed a factual error in concluding that the Baileys Harbor property was the Ganskes' homestead on June 4, 2019, because the "undisputed facts" demonstrate that the Sun Prairie residence was their homestead at the time the judgment was docketed. Winfield points to the first meeting of creditors where the Ganskes stated that they started to occupy their home in Baileys Harbor as a homestead in late June or early July 2019. It also asserts that the Ganskes admitted that their former homestead was the Sun Prairie property during depositions and that their statement of financial affairs, federal income tax returns, pay stubs, checks, bills, property tax records, and other correspondence listed the Ganskes' address as the Sun Prairie property.

The evidence Winfield relies on was considered by the bankruptcy court, and Winfield has failed to show that the bankruptcy court's factual findings are clearly erroneous. The bankruptcy

5

court looked to analogous cases and concluded that the Ganskes occupied the Baileys Harbor property as their homestead, even though they only lived there on a part-time basis due to the demands of their employment. *In re Ganske*, No. 20-21042, 2021 WL 316076, at *3–5 (Bankr. E.D. Wis. Jan. 29, 2021) (citing *In re Carter*, 550 B.R. 433 (Bankr. W.D. Wis. 2016); *In re Lackowski*, No. 08-21496, 2008 Bankr. LEXIS 5143 (Bankr. E.D. Wis. Sept. 24, 2008); *In re Broesch*, 34 B.R. 554 (Bankr. E.D. Wis. 1983)). The court noted the Ganskes spent time at the Baileys Harbor property during weekends, holidays, family events, and vacations and when doing business in the area, and only spent their work weeks living at the Sun Prairie residence because it was closer to their places of employment. The bankruptcy court concluded that the Ganskes' use of a non-homestead address for official documents and other mailings did not defeat their selection of a homestead because it was consistent with a living situation where a person stays at one residence for work during the week. It also determined that the fact that the Ganskes were asked at the first meeting of creditors to draw a legal conclusion about what it means to occupy a property as a homestead was not dispositive. The court found that the Ganskes' response, at most, demonstrated that they occupied both the Sun Prairie property and the Baileys Harbor property, not that the Sun Prairie property was their homestead. *Id.*

The bankruptcy court further found that the Ganskes' maintenance of the Baileys Harbor property was consistent with its use as a homestead, relying on the fact that the Ganskes kept the house furnished with household goods, personal clothing, recreational vehicles and watercraft, and food. *Id.* at *4. It observed that the Ganskes' movement of personal property from the Sun Prairie property to the Baileys Harbor property in August 2019 did not demonstrate a removal from one homestead property to another because the Baileys Harbor property was already furnished. The bankruptcy court noted that the Ganskes' lack of equity in the Sun Prairie property did not defeat

their selection of the Baileys Harbor property as their homestead. The Court finds no basis for concluding that the bankruptcy court's factual findings were clearly erroneous or that its legal conclusions based on these findings were in error.

Winfield also asserts that the bankruptcy court erred when it granted the Ganskes' motion to avoid Winfield's judicial lien. Winfield's argument is based solely on its contention that the bankruptcy court erred in finding that the Ganskes could assert the homestead exemption. Dkt. No. 2 at 40. Because the Court has concluded that the bankruptcy court did not err in reaching that conclusion, it follows that the bankruptcy court did not err in granting the Ganskes' motion to avoid Winfield's judicial lien.

**B. Winfield's Motion for Abandonment**

Winfield argues that the bankruptcy court abused its discretion by denying its motion for abandonment. In its motion, Winfield requested that the bankruptcy court order the estate to abandon any fraudulent transfer claims based on the mortgages recorded against the Baileys Harbor property in favor of Swanson and Place. A bankruptcy court's decision to deny abandonment is reviewed for an abuse of discretion. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). A court abuses its discretion when its decision "is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Id.* (citation omitted).

On request of any party in interest, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). The bankruptcy court denied Winfield's motion, concluding that Winfield had not put forth any evidence demonstrating that the claims were burdensome to the estate. *Ganske*, 2021 WL 316076, at *5. The court also determined that the alleged fraudulent

7

transfer claims related to the Swanson and Place mortgages were not of "inconsequential value and benefit to the estate" because setting aside the mortgages would bring $125,000 to the estate. *Id.*

Winfield argues that it is not seeking to set aside the fraudulent transfer claims but the mortgages themselves. It maintains that setting aside the mortgages would not cause any funds to be made available for distribution to secured creditors and would instead result in the Ganskes' equity in the Baileys Harbor property dropping from negative $1,384,126.15 to negative $1,259,126.15. But as the bankruptcy court explained, "[i]nstead of creating non-exempt equity in the Baileys Harbor Property to which Winfield's judgment lien attaches, the effect of the avoidance would be to preserve value for the estate." *Id.* at *6. "If the estate pursues the alleged fraudulent transfer claims related to the Swanson and Place mortgages, and sets aside those mortgages," the court continued, "$125,000 in value would come into the estate." *Id.* The bankruptcy court did not abuse its discretion by denying Winfield's motion for abandonment.

## C. Winfield's Motion for Relief from the Automatic Stay

Winfield argues that bankruptcy court abused its discretion by denying its motion for relief from the automatic stay. When a bankruptcy petition is filed, the automatic stay provisions of 11 U.S.C. § 362(a) take effect and prohibit creditors from taking certain actions to collect their debts. The protection of the automatic stay is not absolute, however. The automatic stay may be lifted "for cause, including the lack of adequate protection in an interest in property." 11 U.S.C. § 362(d)(1). Section 362(d)(2) provides that a court shall grant relief from the stay, with respect to a stay of an act against property, if (1) the debtor does not have an equity in such property, and (2) such property is not necessary to an effective reorganization. The bankruptcy court has "discretion whether and to what extent it will grant relief from the stay." *In re Williams*, 144 F.3d

544, 546 (7th Cir. 1998). The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property, and the debtor has the burden of proof on all other issues. *See* 11 U.S.C. § 362(g).

Winfield argues that the Ganskes lack equity in the Baileys Harbor property because subtracting Winfield's $1.5 million judgment lien from the asserted $300,000 property value results in the Ganskes having approximately $1.2 million in negative equity. The bankruptcy court concluded, however, that Winfield was not entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Ganskes had equity in the Baileys Harbor property. *Ganske*, 2021 WL 316076, at *7. The court reasoned that Winfield's $1.5 million judgment lien is avoided under 11 U.S.C. § 522(f) because the judgment lien impairs the Ganskes' homestead exemption. It found that avoidance of the judgment lien and subtracting the $159,665 total mortgages on the property results in $140,335 in exempt equity. The bankruptcy court did not abuse its discretion in denying Winfield's motion for relief from the automatic stay.

## CONCLUSION

The bankruptcy court issued a thorough decision explaining its reasons for overruling Winfield's objection to the debtors' homestead exemption, granting the debtors' motion to avoid the lien, and denying Winfield's motions for abandonment and for relief from the automatic stay. No clear error has been shown as to the court's findings of fact, and it did not abuse its discretion. The bankruptcy court's decision is therefore **AFFIRMED**.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

9